## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. B:18-cr-51 T 35 cPT

DAVID H. HOWARD

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and John M. Gore, Acting Assistant Attorney General for the Civil

Rights Division, and the defendant, David H. Howard, and the attorney for

the defendant, Scott Boardman, Esq., mutually agree as follows:

### A.    **Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information. Count One charges the defendant with interference with housing

rights, in violation of 42 U.S.C. §§ 3631 (a) and (c).

2.    Maximum Penalties

Count One carries a maximum sentence of ten years'

imprisonment, a fine of up to $250,000, a term of supervised release of not

more than three years, and a special assessment of $100. With respect to

Defendant's Initials _____

certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:        the defendant used or threatened to use force;

Second:    the defendant intimidated or interfered with, or attempted to intimidate or interfere with, the victims' housing right;

Third:      the defendant acted on account of the race, color, religion or national origin of the victims and because the victims were attempting to purchase a dwelling;

Fourth:    the defendant's acts included the threatened use of a dangerous weapon, explosives, or fire; and

Fifth:      the defendant acted willfully.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida and the Civil Rights Division of the U.S. Department of Justice agree not to charge defendant with committing any other federal criminal offenses known to the United States at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. <u>Mandatory Restitution to Victims of Offense of Conviction</u>

The defendant acknowledges that pursuant to 18 U.S.C. §§ 3663A, the Court shall order the defendant to make restitution to the victim of the offense. The Court will determine restitution at the time of sentencing, or within 90 days of the sentencing hearing.

7. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant

Defendant's Initials _DAH_

3

will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

    8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States , and the

Defendant's Initials _DHH_

4

defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

     9.    Cooperation - Substantial Assistance to be Considered

     Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Department of Justice, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as

Defendant's Initials 

"substantial assistance" in accordance with the policy of the United States Department of Justice, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States , and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

     10.    Use of Information - Section 1B1.8

          Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

     11.    Cooperation - Responsibilities of Parties

          a.    The United States will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the United States can make no representation

Defendant's Initials _PAH_

6

that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by

Defendant's Initials _BAH_

7

imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The United States may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

Defendant's Initials _DNH_          8

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1). The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials _DAH_

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United

Defendant's Initials _P̸H̸H̸_

11

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials _DKH_

12

Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

Defendant's Initials _DAH_

13

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida and Civil Rights Division Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Civil Rights Division of the U.S. Department of Justice, and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the United States and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force,

Defendant's Initials _D.A.H._    14

intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are

felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

In or around November 2016, H.D. and his wife, J.D., were in the final stages of selling their home located on Davis Island, a residential neighborhood in Tampa, Florida, in the Middle District of Florida. H.D. and his wife entered into a contract to sell the home to K.A. and his wife, S.A. The parties were scheduled to conduct the final walk-through on November 3, 2016, and to close on the house the following day. The buyers, K.A. and S.A., are originally from India and moved to the United States in 2006. They are practicing Muslims, and regularly wear traditional Indian clothing, including during their several earlier visits to look at the home.

On or about November 3, 2016, several people were at the home for the final walk-through, including the two sellers (H.D. and J.D.) and their two adult children, the two buyers (K.A. and S.A.) and S.A.'s elderly parents,

the two realtors, movers, and a cleaning person. That day, K.A. wore a topi –
a woven cap worn by Muslim men – and his wife and mother-in-law wore
head scarves and traditional Indian clothing.

After the buyers arrived at the home, the defendant, David H.
Howard, walked from his home toward the seller's home and angrily yelled at
seller, H.D., "You lied to me, you lied to me, you told me those people would
not be moving into the house!" The seller's realtor then called 911.

The defendant then yelled: "This sale will not take place! I will
break all of your fucking windows and I will burn your fucking house down!"
The defendant then repeated the threatening phrase a second time. The
defendant then said, "You are not welcome here!" K.A. and his family
members hurried to their cars and quickly drove away. The defendant walked
after them, but then turned his direction back to his own home. Seller H.D.
went back inside his house to calm his visibly upset family members.

The next day, on November 4, 2016, the buyers cancelled the
closing on the house. When the movers returned to the home to unpack the
seller's items, the defendant approached one of the movers and asked if he was
"moving the dotheads in?" The defendant also spoke to multiple neighbors
after the incident, making insulting remarks about Muslims.

The defendant admits that he did not want K.A. to purchase the seller's home located across the street from the defendant's home. The defendant further admits that he did not want K.A. to purchase the home because K.A. was Muslim. The defendant admits that he threatened to break the windows and burn down the home as a means to intimidate K.A. in order to prevent K.A. and his wife from completing the sale. The defendant admits that but for the fact that K.A. was Muslim, he would not have made those threats.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the United States and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _AAA_            18

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 2nd day of FEBRUARY, 2018.

MARIA CHAPA LOPEZ
United States Attorney

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

_____
DAVID H. HOWARD
Defendant

_____
JOSEPHINE W. THOMAS
Assistant United States Attorney

_____
SCOTT BOARDMAN, ESQ.
Attorney for Defendant

_____
WILLIAM E. NOLAN
Trial Attorney
Civil Rights Division

SIMON A. GAUGUSH
Assistant United States Attorney
Chief, Economic Crimes Section