UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:18-cr-00051-T-35CPT

DAVID H. HOWARD

**<u>UNITED STATES' SENTENCING MEMORANDUM</u>**

The United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and John M. Gore, Acting Assistant Attorney General of the Civil Rights Division, respectfully files this sentencing memorandum regarding defendant David H. Howard. Pursuant to the Plea Agreement in this case, the United States recommends that the Court sentence Howard to between 8 and 14 months of incarceration—a sentence within the guidelines range, followed by 3 years of supervised release. As explained more fully below, this is a reasonable sentence in light of Howard's criminal conduct in violating the victims' civil rights by threatening to burn down the house the victims were attempting to purchase. A sentence of between 8 and 14 months is "sufficient, but not greater than necessary, to comply with" the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

## I. FACTUAL BACKGROUND

In or around November 2016, H.D. and his wife, J.D., were in the final stages of selling their home located on Davis Island, a residential neighborhood in Tampa, Florida, in the Middle District of Florida. H.D. and his wife entered into a contract to sell the home to K.A. and his wife, S.A. The parties were scheduled to conduct the final walk-through on November 3, 2016, and to close on the house the following day. The buyers, K.A. and S.A., are originally from India and moved to the United States in 2006. They are practicing Muslims, and regularly wear traditional Indian clothing, including during their several earlier visits to look at the home.

On or about November 3, 2016, several people were at the home for the final walk-through, including the two sellers (H.D. and J.D.) and their two adult children, the two buyers (K.A. and S.A.) and S.A.'s elderly parents, the two realtors, movers, and a cleaning person. That day, K.A. wore a topi—a woven cap worn by Muslim men—and his wife and mother-in-law wore head scarves and traditional Indian clothing.

After the buyers arrived at the home, the defendant, David H. Howard, walked from his home toward the seller's home and angrily yelled at seller, H.D., "You lied to me, you lied to me, you told me those people would not be moving into the house!" The seller's realtor then called 911.

Howard then yelled: "This sale will not take place! I will break all of your fucking windows and I will burn your fucking house down!" He then repeated the threatening phrase a second time. Howard then said, "You are not welcome here!" K.A. and his family members hurried to their cars and quickly drove away. Howard walked after them, but then turned his direction back to his own home. Seller H.D. went back inside his house to calm his visibly upset family members.

The next day, on November 4, 2016, the buyers cancelled the closing on the house. When the movers returned to the home to unpack the seller's items, Howard approached one of the movers and asked if he was "moving the dotheads in?" Howard also spoke to multiple neighbors after the incident, making insulting remarks about Muslims.

## II. PROCEDURAL HISTORY

On February 16, 2018, the United States filed a single-count Information charging Howard with one count of interference with housing rights in violation of 42 U.S.C. §§ 3631(a) and (c). On February 27, 2018, Howard appeared before Magistrate Judge Christopher P. Tuite, waived his right to be indicted by a federal grand jury, and entered a guilty plea to the Information pursuant to a plea agreement. On March 14, 2018, this Court accepted Howard's guilty plea.

## III. PLEA AGREEMENT

The United States and Howard entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c), under which Howard would plead guilty to the single-count Information, and the United States would agree not to charge him with committing any other federal criminal offenses known to the United States at the time of the execution of the plea agreement related to his conduct giving rise to the plea agreement. The United States further agreed pursuant to Fed. R. Crim. P. 11(c)(1)(B), to recommend to the Court that Howard be sentenced within the applicable guidelines range as determined by the Court pursuant to the Unites States Sentencing Guidelines. The United States agreed that Howard would be eligible for a two-level downward adjustment under U.S.S.G. §§ 3E1.1(a) for acceptance of responsibility. The parties acknowledged that sentencing recommendations are not binding upon the Court, and that Howard's sentence will be determined solely by the Court.

## IV. PRESENTENCE INVESTIGATION REPORT ("PSR")

The U.S. Probation Office filed a PSR for defendant Howard on May 3, 2018. The United States has no objection to any statements contained in the PSR.

The PSR provided that Howard's base offense level is 10, per U.S.S.G. § 2H1.1(a)(3); that a 3-level increase applies because Howard selected his victims

based on their race, per U.S.S.G. § 3A1.1(a); and that Howard receive the benefit of a two-level decrease for his acceptance of responsibility, per U.S.S.G. § 3E1.1(a). The total offense level is 11. The PSR determined that Howard's Criminal History Category is I, resulting in an advisory guidelines range of 8 to 14 months.

## V. 18 U.S.C. § 3553 FACTORS

The Supreme Court has stated that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *See United States v. Gall*, 128 S.Ct. 586 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). Then, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* Among the important factors are the nature and circumstances of the offense, the history and characteristics of the defendant, and relatedly, the impact of the crime on the victims. Based on the § 3553(a) factors, the United States submits that a guidelines sentence of between 8 and 14 months is appropriate for this defendant on these facts.

### A. Nature and Circumstances of the Offense

The facts underlying the offense, described above, demonstrate the egregious nature of Howard's crime. His actions were designed to terrorize his

victims, put them in fear of bodily harm, and send the unmistakable message that because of K.A.'s race and religion, the victims were not welcome to purchase a home on the same street on which Howard resided. In targeting his victims based on the arbitrary characteristics of race and religion, Howard invoked the fears of racial violence and religious prejudice feared by many Muslim Americans.

The nature and circumstances of the offense also reflect the seriousness of the offense, and the Court's duty "to promote respect for the law, and to provide just punishment for the offense." Because of the nature and circumstances of Howard's conduct, incarceration is necessary and appropriate. A sentence of probation would not sufficiently reflect the seriousness of the offense, promote respect for the law, nor provide a just punishment for the offense.

### B. History and Characteristics of the Defendant

Although Howard qualifies as a Criminal History Category I, this Court should consider other relevant facts about him, particularly his criminal arrests and convictions for assaultive behavior, as well as his persistent use of controlled dangerous substances throughout his adult life, including during the time period after entering his plea of guilty.

### C. Impact of the Offense on the Victims

Howard's conduct has had a substantial negative impact upon the lives of K.A. and his family (the buyers), as well as on H.D. and his family (the sellers), and the realtors involved in the failed home purchase – all of whom are victims under the statutory language of § 3631. *See* 18 U.S.C. § 3631(a) ("… because he is or has been selling, purchasing, . . . or negotiating for the sale, purchase . . . ."). For example, K.A. told the investigating FBI Special Agent and prosecutors that he "was shocked beyond imagination," by Howard's conduct. He could not sleep for weeks, and had a difficult time explaining to his children what had happened because he did not want his children to feel the sense of powerless discrimination he felt. K.A.'s wife, S.A., said that she had experienced some forms of discrimination in the United States (such as people avoiding "walking close to" her at malls or stores), but never anything as "violent and aggressive" as Howard's conduct. K.A. and his family "feel violated" because Howard's conduct was an attack on their identity as human beings—affecting "how [they] dress, how [they] celebrate life and how [they] interact with others" on a daily basis. Essentially, Howard's conduct now makes K.A. and his family think twice about expressing their faith and religion—an injury worse than any broken bone or destroyed property.

Likewise, H.D. described the "emotional toll" of the defendant's criminal behavior as "devastating." J.D. described Howard's conduct as an "ambush" and "siege of hate."

The Court's sentence cannot undo the harm caused by Howard's threats, but it can begin to repair the injustice felt by the victims of this crime.

## VI. RESTITUTION

Pursuant to 18 U.S.C. § 3663A, "the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). Subsection (c)(1)(A)(i) of § 3663A states that the section applies to crimes of violence as defined in 18 U.S.C. § 16. As a conviction for violating 42 U.S.C. § 3631 requires proof that the defendant used "force" or "threat of force," the elements of § 3631 meet the definition of § 16(a), and a violation of § 3631 is, therefore, a crime of violence.

In this case, victim K.A. paid a good faith deposit of $30,000 to purchase the home from seller H.D. and his family. As a result of Howard's conduct on November 3, 2016, K.A. no longer felt safe to complete the purchase of the home on November 4, 2016. Consequentially, because of Howard's conduct, K.A. cancelled the closing and lost his $30,000 deposit. Pursuant to § 3663A, the government requests that this Court order Howard to pay restitution to victim K.A. in the amount of $30,000.

## VII. CONCLUSION

In light of the foregoing, the United States submits that incarceration in this matter is appropriate, and that a sentence of between 8 and 14 months, to be followed by a 3-year term of supervised release, would be "sufficient, but no greater than necessary," § 3553(a)(1), to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2).

    Respectfully submitted,

    MARIA CHAPA LOPEZ
    United States Attorney

    JOHN M. GORE
    Acting Assistant Attorney General

By: */s/ Josephine W. Thomas*
    JOSEPHINE W. THOMAS
    Assistant United States Attorney
    Florida Bar No. 31435
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone: (813) 274-6000
    Facsimile: (813) 274-6358
    E-mail: josie.thomas@usdoj.gov

*/s/ William E. Nolan*
WILLIAM E. NOLAN
Trial Attorney
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 353-8560
E-mail: william.nolan@usdoj.gov

U.S. v. DAVID H. HOWARD    Case No. 8:18-cr-00051-T-35CPT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Scott Boardman, Esq.

*/s/ Josephine W. Thomas*
JOSEPHINE W. THOMAS
Assistant United States Attorney